UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:23-CR-72-CRS

UNITED STATES OF AMERICA                                                                              PLAINTIFF

v.

BRIAN ANTHONY SAUER                                                                                  DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter is before the Court on three motions filed by defendant Brian Anthony Sauer: (1) a Motion For Bill of Particulars, DN 35, (2) a Motion to Dismiss for Improper Venue, DN 36; and (3) a Motion to Dismiss for failure to state offenses, DN 37. For the reasons set out below, the Court will deny the Motion to Dismiss for failure to state offenses, deny the Motion to Dismiss for improper venue, and partially grant the Motion for a Bill of Particulars.

## BACKGROUND

The Indictment in this case charges Sauer with violations of 18 U.S.C. § 2423(a). Section 2423 proscribes transporting minors in interstate commerce with the intent to engage in criminal sexual activity. The Indictment charges that Sauer knowingly transported three minors across the Kentucky-Indiana border with that intent. Indictment, DN 9 at PageID# 17–19. Counts 1, 2 and 3 charge Sauer with transporting three minors from Kentucky to Indiana, while Count 4 charges him with transporting one of those minors from Indiana back to Kentucky. Sauer contends that all of these charges must be dismissed for failure to allege facts necessary to put him on notice of the offenses charged. Motion, DN 37. At the same time, Sauer seeks a Bill of Particulars which provides him with those facts: the details of the alleged sex acts, the state laws he allegedly violated, and the "precise time and place" he formed the alleged criminal intent. Motion For Bill

of Particulars, DN 35. Finally, Sauer argues that Counts 1, 2 & 3 must be dismissed because Kentucky is not the proper venue. Motion to Dismiss, DN 36. The Court will address each Motion in turn.

## ANALYSIS

### A. Motion to Dismiss the Indictment for Failure to State a § 2423 Offense

Sauer has moved to dismiss the Indictment because "it fails to state an offense" and "does not properly inform him of the nature and cause of the accusations." Motion to Dismiss, DN 37 at PageID# 98. Sauer contends that the Indictment does not include all of the elements of the charged § 2423 offenses "'without any uncertainty or ambiguity.'" *Id.* at PageID# 100 (quoting *Hamling v. U.S.*, 418 U.S. 87, 117 (1974)). Sauer points out that neither Count 1, Count 2, nor Count 3 alleges that he "engaged in sexual activity for which he could be charged with a criminal offense under Indiana law." *Id.* Similarly, Count 4 does not allege that Sauer engaged in a sex act with which he could be criminally charged under Kentucky law. *Id.* at 100-01. Additionally, Sauer faults the Indictment for not identifying "with specificity the particular law or laws alleged to have been violated" and for not alleging that Sauer "intended for the minors to engage in unlawful sexual activity at the time he crossed from one state to another." *Id.* Sauer relies on *U.S. v. Joyner*, 2021 WL 3206797 (M.D. Ala. 2021) to support these arguments.

In response, the Government contends that the Indictment need not be dismissed because it tracks the statutory language of § 2423(a) and includes all the elements of the crime. Response, DN 41 at PageID# 112. The Government asserts that a § 2423 crime does not require proof that an illegal sex act took place. Rather, the Government contends, it need prove only that Sauer had the intent to engage in an illegal sex act. *Id.* That is, commission of an illegal sex act is not an element of the offense, according to the Government. The Government likewise asserts that it was not

required to identify the laws that Sauer's intended conduct would have violated because they too are not elements of the crime. *Id.* at PageID# 113. According to the Government, the elements of a § 2423 offense are (1) knowingly transporting a minor (2) in interstate commerce (3) with intent that the minor engage in an illegal sex act. *Id.* at PageID# 112. The Government relies primarily on *U.S. v. Doak*, 47 F.4th 1340 (11th Cir. 2022) for its arguments. Lastly, the Government asserts that the Indictment expressly alleges the intent element of the crime, contrary to Sauer's argument, and thus, there is no reason to dismiss on this ground. *Id.* at PageID# 114. The Court agrees that the Indictment sufficiently alleges § 2423 offenses.

An indictment is sufficient if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling*, 418 U.S. at 117. At the same time, Federal Rule of Criminal Procedure 7 requires an indictment to "be a plain, concise and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c). Thus, an indictment must allege the elements of the crime and facts which inform the defendant of the specific offense with which he is charged.

Section 2423 states:

> A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce . . . with intent that the individual engage in prostitution, or any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2423(a). According to the statute's express terms, § 2423(a) proscribes transporting a minor across state lines with the intent that the minor engage in prostitution or criminal sexual activity. *U.S. v. Gordon*, 713 F. App'x 424, 429 (6th Cir. 2017) (unpublished). Commission of a criminal sex act is not an element of the crime. *U.S. v. Lawrence*, 187 F.3d 638 (6th Cir. 1999)

(Table). Rather, forming the intent to commit such an act is one of two ways, or means, by which to violate the statute. *Gordon*, 713 F. App'x at 430 (prostitution and criminal sexual act "are not elements themselves"; rather they "represent alternative ways . . . by which the sextual conduct may be accomplished.").

Here, Count 1 states:

> On or about May 7, 2023, and May 11, 2023, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **BRIAN ANTHONY SAUER,** knowingly transported Jane Doe 1, a person who had not attained the age of 18 years, in interstate commerce (*i.e.,* from Jefferson County, Kentucky, to Clark County, Indiana), with the intent that Jane Doe 1 engage in sexual activity for which any person can be charged with a criminal offense.

Indictment, DN 9 at PageID# 17. Count 1 tracks § 2423 and in doing so alleges the elements of the offense. Each of the remaining counts make like allegations with respect to the additional three alleged § 2423 offenses. Thus, all Counts allege the requisite elements of the offense, including express allegations that Sauer formed the intent necessary to the offense.

The Indictment also fairly informs Sauer of the nature of the criminal activity: crossing the Kentucky-Indiana border, between May 7, 2023 and May 11, 2023, with intent that each of the minors engage in illegal sexual activity. As noted, the crimes with which Sauer might be charged criminally are not elements of the offense in themselves but only a means by which the crime might be committed. *Gordon*, 713 F. App'x at 429. Thus, the laws that set out such offenses need not be alleged in order to put Sauer on sufficient notice of the charged offense. *Martin v. Kassulke*, 970 F.2d 1539, 1543 (6th Cir. 1992) (due process right to clear notice of criminal charges does not include "exact method by which the criminal actions were alleged to have been committed.").

*U.S. v. Joyner*, 2021 WL 3206797 (M.D. Ala. June 10, 2021) (unpublished), on which Sauer relies, does not require a different result. First, that case is not binding on this Court. Second,

4

*Joyner* is distinguishable. In *Joyner*, the court dismissed the Indictment because the alleged sexual activity took place in Georgia, but the Indictment alleged that the sex acts violated Alabama law. The district court held that because Joyner could not be held criminally liable under Alabama law for an act he committed in Georgia, he could not have formed an intent to commit an illegal sex act for which he could be charged in Alabama. Thus, the Indictment failed to state the offense. No such flaw exists here.

### B. Motion for a Bill of Particulars

Sauer has also moved for a Bill of Particulars pursuant to FED. R. CRIM. P. 7(f). Motion, DN 35. Sauer seeks the following information:

1. The specific details of the charged "sexual activity".

2. The specific statute or statutes violated or intended to be violated by the charged "sexual activity", with appropriate citations to each.

3. The time and place of the actual or intended charged "sexual activity."

4. The precise time and place defendant first developed or otherwise possessed the intent to engage in the charged "sexual activity", e.g., before crossing the state border, while crossing the state border, and/or after crossing the state border.

*Id.* at PageID# 90. In response, the Government contends that Sauer is not entitled to any of this information because he already possesses it by means of the previously filed Criminal Complaint and supporting Affidavit of Detective Michelle Rusch (DN 1; DN 1-1) as well as "meaningful discovery." Response, DN 38 at PageID# 103-04. More specifically, the Government asserts that Sauer has the who, what and when as to the conduct which underlies the charges. *Id.* at PageID# 104-05. Sauer has not rebutted these arguments or explained in his original motion why these previous filings and discovery have left him insufficiently apprised as to the above-listed items 1, 3 and 4. Given these circumstances and having reviewed the Rusch Affidavit, which is detailed,

5

the Court will deny Sauer's Motion as to those items. *See, e.g.*, *U.S. v. Martin*, 516 F. App'x 433, 455 (6th Cir. 2013) (district courts may deny bill of particulars where sufficient discovery has been produced from which defendant can defend against charges); *U.S. v. Morales*, 668 F. Supp.3d 774, 789–91 (M.D. Tenn. Apr. 6, 2023) (bill of particulars denied where preceding indictment and discovery provided information that minimized surprise); *U.S. v. Switzer*, 2021 WL 4522309, at *5–6 (E.D. Mich. Oct. 4, 2021) (same).

As for item 2, the Government's argument omits any discussion as to the statutes which Sauer either violated or intended to be violated, relying instead on the contention that because they are not elements, the Government need not identify them to Sauer. The Court disagrees. "The function of a bill of particulars is 'to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *U.S. v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (quoting *U.S. v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993)). Here, the Government will need to prove what Sauer had in mind and also prove that those intentions would expose him to criminal charges which, in turn, requires the Government to advise a jury as to the crimes that fit Sauer's intent. As a result, the Court finds that Sauer's request reasonable in order to prevent surprise. Thus, the Court will grant Sauer's Motion for a Bill of Particulars with respect to above-listed item 2.

### C. Motion to Dismiss Counts 1–3 for Improper Venue

Finally, Sauer argues that Counts 1, 2 and 3 must dismissed because those charges can only be brought in Indiana: "it is his position that absent evidence that he had the intent to engage in the charged 'sexual activity' in Indiana before or during crossing into that state from Kentucky, venue is proper only in the Southern District of Indiana." Motion, DN 36 at PageID# 95. The law is to the contrary: "any offense against the United States begun in one district and completed in

6

another" may be prosecuted "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Further, "[a]ny offense involving . . . transportation in interstate or foreign commerce . . . is a continuing offense and . . . may be . . . prosecuted in any district, from through, or into which such commerce . . . or person moves." *Id.* Plainly, § 2423(a) offenses are continuing offenses, as the elements require a minor to have been transported in interstate commerce. 18 U.S.C. § 2423(a). Here, the Indictment alleges that Sauer's § 2423 crimes involved transporting minors from Kentucky and into Indiana. Therefore, Counts 1, 2 and 3 may be prosecuted in Kentucky. 18 U.S.C. § 3237(a). Sauer's Motion to dismiss these charges for improper venue will be denied.

## ORDER

For the reasons set forth herein,

1. Sauer's Motion for a Bill of Particulars **(DN 35)** is **GRANTED in part** and **DENIED in part.** The Motion is granted insofar as Sauer seeks the identity of the "specific statute or statutes violated or intended to be violated by the charged 'sexual activity', with appropriate citations to each," and denied with respect to all of the other information sought. Accordingly, **within fourteen (14) calendar days of the entry of this Order** on the docket of this case, the Government is hereby **DIRECTED** to provide Sauer with a Bill of Particulars setting forth those specific statute or statutes with citations to each;

2. Sauer's Motion to Dismiss Counts 1, 2 and 3 for improper venue **(DN 36)** is **DENIED**; and

3. Sauer's Motion to Dismiss all charges for failure to state offenses **(DN 37)** is **DENIED**.

**IT IS SO ORDERED.**

August 30, 2024



Charles R. Simpson III, Senior Judge
United States District Court